Below is an opinion of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Gary Steven Cohen, Jr., and<br>Carli Ann Cohen,<br><br>              Debtors. | Case No. 21-60939-dwh13<br><br>Memorandum Decision Overruling Trustee's Plan-Confirmation Objection<br><br>Not for Publication |

### I. Introduction

The chapter 13 trustee, Naliko Markel, objects to confirmation of the chapter 13 plan proposed by debtors, Gary and Carli Cohen, because the plan does not provide for the secured claim of Wells Fargo Bank, N.A. The trustee argues that a plan that does not provide for a secured claim under one of the three options listed in 11 U.S.C. § 1325(a)(5) may not be confirmed.

But that section applies only to a secured claim that a plan "provides for," and it does not require that the plan provide for all secured claims. The Cohens' plan does not mention the bank. It thus does not provide for the claim, and it may be confirmed despite its failure to satisfy one of the three options.

Page 1 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

## II. Section 1325(a)(5)

Section 1325(a) includes nine numbered paragraphs stating confirmation criteria. The court "shall confirm a plan if" it satisfies all nine.

The fifth criterion, appearing in paragraph (5), is that the plan must satisfy one of three options "with respect to each allowed secured claim provided for by the plan." The options are in subparagraphs (A) through (C). The first option is that the creditor accepts the plan; the second is that the debtor surrenders the collateral to the creditor; and the third is that the debtor allows the creditor to retain its lien and pays the secured portion of the claim in full. The Cohens do not contend that their plan, which is silent as to the bank, satisfies any of the three options.

## III. Facts

In the creditor schedules the Cohens filed with their petition, they listed the bank as holding an unsecured claim of $5,800 for credit card charges,[1] but not as holding any secured claim.

The Cohens filed their proposed plan[2] on the petition date. The local bankruptcy form on which they submitted their plan[3] permits treatment of secured claims in paragraph 4(b). In that paragraph, they treat—i.e., provide for—the claims of two secured creditors other than the bank—but they do not mention the bank.

After the petition and plan were filed, the bank filed two proofs of claim, the second of which includes a secured claim for $449.69 and the balance of which is unsecured.[4] The collateral is bedroom furniture and pillows.

---

[1] Docket item (DI) 1 Sch. E/F item 4.49.
[2] DI 2.
[3] LBF 1300.17.
[4] Proof of Claim 9-1.

Page 2 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

The trustee objected to plan confirmation on several grounds, one of which was that the plan does not treat the bank's secured claim.[5] The bank has not objected to confirmation.

In a stipulation, the Cohens state that they do not dispute the bank's secured claim,[6] they intend to retain the collateral,[7] and they do not intend to pay the claim, either directly or through the plan.[8] The parties identify the following legal issues for me to resolve:[9]

1. may the plan be confirmed even though it does not "provide for" the bank's secured claim?

2. does the trustee have a duty or right to object to plan confirmation because the plan does not provide for a secured claim?

3. if a plan does not provide for a secured claim, may the trustee pay it?

The parties have briefed the issues and waived oral argument.[10]

**IV. The trustee may object to confirmation on the ground that the plan does not comply with paragraph (5) of section 1325(a).**

Although the parties list as issue 2 whether the trustee has a "duty or right" to prosecute his objection, I must address that issue first. A ruling for the Cohens on that issue would moot issues 1 and 3.

The Cohens argue that the trustee's duty under section 1302(b)(2) "to appear and be heard at any hearing that concerns . . . confirmation of a plan" does not include a duty,

---

[5] DI 14 at 1 ¶ f.
[6] DI 24 at 2 ¶ 3.
[7] DI 24 at 2 ¶ 7.
[8] DI 24 at 2 ¶ 8.
[9] DI 24 at 1 ¶ 1.
[10] DI 22 ¶ 4; DIs 25, 26, 29.

Page 3 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

and thus a right, "to 'object and take a position'."[11] (All sections references are to sections of title 11, U.S. Code, unless otherwise indicated.)

The Ninth Circuit's 1995 decision in *In re Andrews* addressed a chapter 13 trustee's power to object to confirmation of a plan because it did not properly treat secured creditors. The trustee had objected to confirmation in part because the plan would not provide adequate protection to secured creditors, relying not just on paragraph (5) of section 1325(a), but also on that subsection's paragraph (1), which requires that a plan comply with chapter 13 and the other applicable Bankruptcy Code provisions. The debtors argued in part that the trustee lacked standing to object on behalf of secured creditors. The bankruptcy court confirmed the plan, agreeing that the trustee had standing to objection under paragraph (5).[12]

The court of appeals affirmed, holding that the plain language of section 1302(b)(2) confers trustee standing to object to confirmation.[13] The court also held that "the primary purpose of the chapter 13 trustee is not just to serve the interests of the unsecured creditors, but rather, to serve the interests of all creditors"[14] and that "[i]t thus would be inconsistent to provide the trustee with such a broad array of powers and duties and yet deny the trustee standing to object at the confirmation hearing when the plan fails to comply with the Bankruptcy Code."[15]

In *Andrews*, the first of the three options—creditor acceptance—had been satisfied by the secured creditors' failure to object to confirmation,[16] which the court held

---

[11] DI 26 at 8.
[12] 49 F.3d 1404, 1406 (9th Cir. 1995).
[13] Id. at 1406–07.
[14] Id. at 1407.
[15] Id. at 1408.
[16] Id. at 1409.

Page 4 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

rendered the trustee's standing under paragraph (5) "irrelevant." Accordingly, the court found it "problematic" to base the trustee's standing under paragraph (5). But the court did not hold that a trustee would never have standing to raise paragraph (5) as a ground for objection. It instead found standing under paragraph (1).

Here, the Cohens do not argue that the bank accepted the plan, so the potential problem with trustee standing under paragraph (5), addressed in *Andrews*, is absent.

V. **Paragraph (5) does not require that the plan provide for the bank's secured claim.**

   A. *The plain meaning of "provided for by the plan" restricts paragraph (5)'s application to secured claims provided for by the plan.*

In the absence of "provided for by the plan," paragraph (5) would apply to all allowed secured claims. But where a participle follows a noun, the participle serves as an adjective modifying the noun it follows.[17] Here, "provided" is a past participle and thus an adjective modifying the noun "claims" by limiting it to only those provided for by the plan. In other words, the phrase defines a subset of all allowed secured claims: those that are provided for by (treated in) the plan.

The trustee argues that paragraph (5) should be understood as though it were revised to read "each secured claim **is** (or **must be**) provided for by the plan."[18] That reading would convert a sentence fragment ("each secured claim provided for by the plan") into a complete sentence and give no effect to the remaining parts of paragraph (5)— "with respect to" and the three options in subparagraphs (A) through (C). That approach violates the canon that a statute should be construed to give effect to all its

---

[17] See Bryan A. Garner, The Redbook: A Manual on Legal Style 226 § 11.33 (4th ed. 2018).
[18] DI 29 at 2:7–9.

Page 5 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

provisions.[19] And the invented sentence would give paragraph (5) a meaning at odds with its plain meaning—that it applies only to a subset of all secured claims.

The trustee argues that the Cohens' reading ignores the role of "each" (as in "each allowed secured claim") in that paragraph.[20] But to read "each" to mean that paragraph (5) applies to all secured claims would require giving no effect to the adjective phrase "provided for by the plan."

The trustee challenges the Cohens' reading as implicitly adding "if" where it should not be added.[21] I agree that reading "provided for by the plan" to limit paragraph (5)'s application is the same as reading it to include "if," i.e., "secured claims **if** (or **if they are** or **that are**) provided for by the plan." But I disagree that the Cohens' reading is improper. As noted above,[22] "provided for by the plan" is an adjective phrase that modifies—and limits—paragraph (5) to apply only to the subset of secured claims that are provided for by the plan. Thus, reading "claims provided for by the plan" to mean "claims **if they are** provided for by the plan" or even "claims **that are** provided for by the plan" is proper.

The trustee argues that reading the paragraph not to require that a plan provide for every allowed secured claim would effectively create a fourth option—to not pay or surrender collateral to a creditor who has not accepted the plan.[23] This argument is circular. The three options are for treatment of secured claims "provided for by the plan." The failure to mention a secured claim would be a fourth option only if a claim not

---

[19] See Corley v. United States, 556 U.S. 303, 314 (2009).
[20] DI 29 at 2:12–19.
[21] DI 29 at 2:20–4:17.
[22] Part V.A on page 4.
[23] DI 25 at 4:16–21.

Page 6 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

mentioned in the plan could be said to be provided for by the plan. But a secured claim as to which the plan is silent is simply not provided for by the plan.

The Cohens' reading of "provided for by the plan" is the only natural reading of that phrase. The trustee's arguments to the contrary cannot be squared with its syntax

### B. Case law supports the Cohens' reading of paragraph (5).

The Cohens' reading of paragraph (5) is supported by *In re Jones*, a 2021 decision of an Eastern District of North Carolina bankruptcy judge.[24] The judge overruled a secured creditor's objection to confirmation of a chapter 13 plan that did not provide for the creditor's claims. The judge agreed with the debtor that "provided for by the plan" in paragraph (5) does not require that a plan provide for all secured claims.

The *Jones* decision cited with approval *In re Limon*, a 2020 decision of an Eastern District of Wisconsin bankruptcy judge.[25] A car-secured creditor objected to confirmation of a chapter 13 plan because it did not provide for the secured claim. The judge disagreed, holding that "no provision of the Bankruptcy Code requires that a chapter 13 debtor provide for all allowed secured claims."

Under section 652(1) of the Bankruptcy Act of 1898, which was in effect until 1979, a chapter XIII plan (analogous to a plan under current chapter 13) could not be confirmed without acceptance by "the secured creditors whose claims are dealt with by the plan."[26] In a 1968 First Circuit decision under the Act, *Cheatham v. Universal C. I. T. Credit Corp.*, the court held that "secured claims are dealt with only when the plan expressly limits the amount recoverable on the claim, or restricts the creditor's security

---

[24] No. 20-03607-5-SWH, 2021 WL 4465554, at *3–4 (E.D.N.C. Sep. 29, 2021); DI 26 at 4-5.
[25] 616 B.R. 380, 381 (Bankr. E.D. Wis. 2020).
[26] Former 11 U.S.C. § 1052(1), repealed effective Oct. 1, 1979, by Pub. L. No. 95-598, § 401(a), 92 Stat. 2549 (1978).

Page 7 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

interest."[27] Because the *Cheatham* plan provided for payments only to secured creditors who had accepted the plan, it did not "deal with" the claim of a secured creditor who did not accept the plan, permitting confirmation without the creditor's acceptance. Both former section 621(1) and current section 1325(a)(5) impose secured-claim-related confirmation requirements that apply only to subsets of all secured claims.

The trustee quotes from the Fourth Circuit's 2017 decision in *LVNV Funding, LLC v. Harling*, which states that paragraph (5) requires that a chapter 13 plan "address the rights of each secured creditor individually by setting out the mode of satisfying that claim in relation to the secured creditors' collateral."[28] The trustee characterizes that language as an "inclusive approach to secured claims. But at issue in *Harling* was the claim-preclusive effect of plan confirmation on a postconfirmation objection to allowance of a proof of an unsecured claim. The court held that confirmation was not claim-preclusive, relying on language in a local form plan reserving the debtor's right to object to claims after confirmation. The court referred to paragraph (5) only to distinguish a plan's required treatment of unsecured claims from the required treatment of secured claims. The court had no reason to, and did not, address whether paragraph (5) requires that a plan provide for each allowed secured claim.

---

[27] 390 F.2d 234, 238 (1st Cir. 1968).
[28] 852 F.3d 367, 372 (4th Cir. 2017); DI 25 at 4:2–10.

Page 8 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

### C. The trustee's remaining arguments against allowing a plan to omit a secured claim are unpersuasive.

#### 1. The existence of disclosure obligations applicable only to chapter 7 does not support reading into chapter 13 an obligation to disclose secured claims in a plan.

The trustee argues that requiring treatment of secured claims in a chapter 13 plan "is consistent with Chapter 7 practice requiring . . . that a debtor file a statement of intention" under section 521(a)(2).[29] The trustee implicitly argues that, because chapter 7 debtors must state their intentions regarding secured claims, surely chapter 13 debtors must do so as well, and because no section 521(a)(2) statement is required in chapter 13, a debtor's intention must be expressed in the plan.

The trustee's argument might support the notion that requiring chapter 13 debtors to state their intentions regarding collateral, just as chapter 7 debtors must, would be good policy. But advancing good policy is for Congress. When a statute's language is plain and does not require an absurd disposition, the sole function of the courts is to enforce it according to its terms.[30] Paragraph (5) plainly does not apply to a secured claim not treated in the plan.

#### 2. Allowing omission of a secured claim from the plan does not prevent the trustee from assessing the plan's satisfaction of other confirmation requirements.

The trustee argues that allowing a debtor not to provide for a secured claim in the plan prevents assessment of the plan's satisfaction of confirmation requirements in section 1325(a), paragraphs (1), (3), and (6).[31] Paragraph (1) requires that the plan comply with chapter 13 and other applicable Bankruptcy Code provisions. Paragraph (3)

---

[29] DI 25 at 4:10–16.
[30] Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A., 530 U.S. 1, 6 (2000).
[31] DI 25 at 4:22–5:4.

Page 9 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

requires that the plan be proposed in good faith and not by any means prohibited by law. Paragraph (6) requires that the debtor be able to make all payments under the plan and to comply with the plan—i.e., that the plan be feasible.

Consistent with the stipulation limiting the open legal question to whether the plan must provide for the bank's secured claim, the trustee does not argue that confirmation in this case should be denied because the Cohens have failed to comply with paragraphs (1), (3), or (6). Nor does he contend that the plan's failure to provide for the bank's secured claim has prevented him from assessing the plan's satisfaction of those paragraphs. Rather, he implies that, as a general matter in all chapter 13 cases, the debtor's failure to disclose all secured claims would impose practical burdens on the trustee's ability to evaluate a plan's compliance with those paragraphs.

The Bankruptcy Code and Federal Rules of Bankruptcy Procedure include many requirements for debtors, including those in chapter 13, to make detailed written disclosures of assets, liabilities, and prepetition transactions—and severe penalties for certain false statements or omissions.[32] None of those disclosures must be made in the plan.

A chapter 13 debtor must schedule creditor claims even if the debtor intends not to provide for them in the plan. With creditor claim information from the schedules and proofs of claim, the trustee can inquire into the reasons for and effects of a plan's failure to treat a secured claim. The trustee will have an opportunity to obtain sufficient information to determine whether the failure to provide for a secured claim should bar confirmation under a provision other than paragraph (5).

---

[32] Sections 521, 1307(c); 18 U.S.C. §§ 151–58; Fed. R. Bankr. P. 1007.

Page 10 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

In the trustee's opening brief, he challenged what he calls the Cohens' nondisclosure of their treatment of the bank's secured claim, but he did not allege any failure to disclose assets, including the bank's collateral. In the Cohens' response, they asserted that they scheduled their debt to the bank and their household furnishings, which include the bank's collateral, and they gave the bank proper notice of the plan.[33] In reply, the trustee criticized the Cohens for not scheduling the bank's collateral (bedroom furniture and pillows) separately from their disclosed household furnishings and not including the bank in the schedule of secured claims until after the confirmation briefing was underway.[34]

The trustee had at least constructive notice of the bank's proof of its undersecured claim the month before he filed his confirmation objection, which is based on the plan's failure to treat that claim. He has also been aware since then that the schedules did not include that claim, and he nevertheless has not raised the failure earlier to schedule the bank's secured claim as a ground for determining that the plan was not filed in good faith.

More to the point, the trustee does not explain how any actual or potential disclosure deficiency in this or any other case illuminates the meaning of "provided for by the plan" in paragraph (5) or how a requirement to disclose all secured claims in a plan would be meaningful. It would not be unusual for a debtor to be unaware of the existence of a claim secured by a purchase-money security interest in noncar consumer goods, as to which no financing-statement filing is required to perfect under the Uniform Commercial Code,[35] so no public-records search would disclose it. Adding an obligation

---

[33] DI 26 at 6:25–7:3.
[34] DI 29 at 5:20–7:11.
[35] See, e.g., Or. Rev. Stat. § 79.0309(1).

Page 11 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

to disclose secured claims in a plan would make no difference: a debtor unaware of the security interest would be unable to make the disclosure; an honest debtor aware of the security interest would disclose it in the schedule of secured claims; and a dishonest debtor aware of the security interest would not disclose it, either in the schedules or the plan.

3. **A plan that is silent about a secured claim does not treat it; there is no treatment to disclose.**

The trustee argues that a plan's silence about a secured claim constitutes the debtor's failure to disclose treatment of a claim.[36] He also argues that, if a debtor does intend to pay a secured claim, its omission from the plan prevents assessment under paragraph (6) of the plan's feasibility.[37]

But because the Cohens' plan is silent about the bank's secured claim, the claim is simply not treated in the plan. They have made no commitment to pay anything to the bank—and indeed have expressed their intention not to do so—so there's no need to inquire whether they will be able to make payments to the bank.

In any case, whether chapter 13 debtors should be required to provide in their plans for all secured creditors as an aid to trustees' performance of their duties is a policy question for Congress.

4. **The binding effect of the plan and the possibility of relief from stay do not warrant denying confirmation.**

The trustee argues that, because the plan proposes payment in full of all claims, it would be "arguably unfair" for the bank to receive nothing under the plan.[38]

---

[36] DI 25 at 4:23–26, 6:23–24; DI 29 at 7:8-11.
[37] DI 25 at 5:2–4.
[38] DI 25 at 8:14–19.

Page 12 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

The Cohens point to the bank's option to file a motion for stay relief to permit repossession.[39] The trustee questions the notion that the plan's failure to provide for the bank's secured claim would constitute cause for stay relief and argues that even entitlement to stay relief is irrelevant to determination whether the plan satisfies paragraph (5).[40] The trustee also argues that the plan would bind the bank even though its claim is not provided for and as a result, the binding effect of confirmation will prevent the bank from obtaining stay relief if the Cohens fall behind in their payments after confirmation.[41]

I agree that the plan would bind the bank.[42] But it means nothing to say that the bank is bound by a plan that neither alters its rights nor impose duties on it.

I cannot offer an advisory opinion on a hypothetical future stay-relief motion. In any case, whether a secured creditor not treated in the plan should be stayed or even put to the trouble of moving for stay relief is a policy question for Congress.

5. **Any benefit to a chapter 13 debtor of receiving a discharge of a secured claim treated in the plan does not change paragraph (5)'s plain meaning.**

The trustee argues that a chapter 13 debtor's interest would be best served by providing in the plan for all secured claims because a discharge under section 1328(a) applies only to "debts provided for by the plan or disallowed under section 502."[43] The Cohens don't dispute that a discharge would serve their interests, but they assert that their

---

[39] DI 26 at 9:15–17.
[40] DI 29 at 8:1–9.
[41] DI 29 at 8:10–24.
[42] Section 1327(a).
[43] DI 25 at 6:25–7:2.; § 1328(a).

Page 13 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

personal liability on the bank's secured claim "is extinguished upon the Court's entry of Discharge," leaving the bank only its lien.[44]

Accepting for argument the trustee's position that the Cohens could discharge the bank's secured claim only by treating it in the plan, that benefit might explain why a debtor would elect to do so. But it would not be a reason to read paragraph (5) to mean that plan treatment of each secured claim is required. Whether a chapter 13 debtor should have the option to pursue the possible benefit and risk associated with not providing for a secured claim is a policy matter for Congress.

### D. Practices of the other Oregon standing chapter 13 trustee are irrelevant.

The trustee objects to the Cohens' reference to the practices or policies of the one other standing chapter 13 trustee in this district.[45]

I agree that the other trustee's practices have no bearing on the issues in this case, and I haven't taken them into account.

## VI. The Cohens were not required to serve the plan on the bank under Federal Rule of Bankruptcy Procedure 7004.

The trustee argues that the Cohens should have served the plan on the bank under Federal Rule of Bankruptcy Procedure 7004. (Other references to Rules are also to the Federal Rules of Bankruptcy Procedure.) The trustee raised the sufficiency of service in his opening brief, anticipating that the Cohens in their response might argue that the bank had accepted the plan, satisfying the first option under paragraph (5). But the Cohens made no such argument; they did not propose in plan paragraph 4(b)(2) that the bank accept the plan. I will not consider whether the bank has accepted the plan.

---

[44] DI 29 at 10:2–3.
[45] DI 26 at 6:2–9; DI 29 at 7.

Page 14 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

The primary authority for requiring Rule 7004 service is Rule 9014(b), which requires Rule 7004 service of a motion initiating a contested matter. The Cohens' plan, silent about the bank's secured claim, does not constitute such a motion.

The trustee argues that plan form paragraphs 4(b) and 6 require Rule 7004 service if the plan proposes to pay less than the full amount of a secured claim.[46] I disagree that the plan itself imposes any service obligation, but I do agree that proposals that commonly appear in a plan require Rule 7004 service to be effective. Paragraph 4(b) is the debtor's request to fix the collateral values in paragraphs 4(b)(1) or (2), and paragraph (6) is the debtor's request to avoid certain liens. But the bank's secured claim is not addressed in either of those paragraphs or anywhere else in the plan. Rule 7004 service of the plan on the bank was not required. Notice under Rule 2002(a)(9)— which the trustee has not contested—sufficed.

## VII. There is no live controversy about whether the trustee should pay the bank's secured claim.

The third issue the parties framed in their stipulation is whether the trustee should make payment on account of a secured claim not treated in the plan.

But the briefs bely any live controversy between the parties about whether the trustee should pay on the bank's secured claim. The trustee acknowledges that in a plan such as the Cohens', in which a secured claim is not provided for, the trustee makes no distributions on the claim.[47] And the Cohens state their intentions that no payment be made through the plan on the bank's secured claim.[48] In any case, the bank would be entitled to be heard on whether the trustee should pay its claim.

---

[46] DI 25 at 3:7-10.
[47] DI 25 at 8:14–16, 21–22.
[48] DI 26 at 3 ¶ 8.

Page 15 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22

## VIII. Conclusion

I will overrule the trustee's objection.

# # #

Page 16 of 16 – Memorandum Decision Overruling Trustee's Plan-confirmation etc.

Case 21-60939-dwh13    Doc 36    Filed 01/14/22